## OHIO SUPREME COURT—Continued

### No. 467

#### DAY. T. & I. CO. v. BAUER, as Executrix

No. 19786.  Supreme Court

On motion to certify.  Dock. Apr. 28, 1926.

829.  NEGLIGENCE—Where facts alleged in petition in action for wrongful death create an implication of contributory negligence which is not rebutted by any other facts set forth, is such petition subject to demurrer?

Vinnie A. Bauer, executrix of the estate of Charles Bauer, deceased brought this action originally in the Clark Common Pleas against Detroit, Toledo & Ironton Railroad Company decedent.

for damages for alleged wrongful death of

The damage complained of was sustained by reason of a collision between automobile driven by decedent and a Detroit, Toledo & Ironton railroad train at a certain crossing in Springfield.

The original petition alleges negligence on part of the Company in that the crossing was in bad repair, a building on property owned by the railroad obstructed a view to oncoming trains, an electric bell rang continuously without regard to approaching trains, the bell on the engine was not rung and the train was travelling at an excessive speed in violation of a city ordinance.

It appears that the decedent drove his automobile up to the tracks on the crossing where the front wheels caught in a hole and by reason thereof the decedent was unable to move from the path of the train.  The judgment on the verdict in favor of the executrix for $15,-000 was affirmed by the Appeals.

The Company in the Supreme Court contends:

1.  That demurrer to petition should have been sustained because an implication of contributory negligence was not rebutted by any allegation in the petition.

2.  That court erred in not directing a verdict for the Company because the implication of contributory negligence was not rebutted.

3.  That court erred in submitting to jury whether or not the Company was guilty of contributory negligence in maintaining the alarm bell which was out of repair.

4.  That the damages were excessive.

Attorneys—C. B. Longley, W. R. Middleton, Detroit, Michigan, Keifer & Keifer, Springfield, for Company; Martin & Corry, Springfield, Executrix.

### No. 468

#### SUBURBAN ICE MFG. COMPANY v. MULVIHILL

No. 19807.  Supreme Court

On motion to certify.  Dock. May 6, 1926.

575.  GOOD WILL—Where the good will and other property of a concern are sold and a promissory note taken in payment, in a suit on the note may the maker defend on the ground that the payee has solicited trade for another company, and therefore damaged maker, by causing a loss of good will?

It appears that in 1916 the Mulvihill Ice Company sold to The Suburban Ice Manufacturing & Cold Stoarge Company all the right, title and interest of the Mulvihill Ice Company together with good will and accepted in part payment therefor a promissory note. Mulvihill brought this action originally in the Hamilton Common Pleas upon this promissory note against The Suburban Ice & Cold Storage Co.

The evidence disclosed that Mulvihill worked for The Suburban Ice & Cold Storage Co. until 1919 at which time he started another ice company, taking with him employees of The Ice & Cold Storage Co., and thereupon solicited and obtained the customers of the Cold Storage Co.

The execution of the note was admitted and Mulvihill offered no evidence.  After the Cold Storage Co. had rested its case the court directed a verdict in favor of Mulvihill, which judgment was affirmed by the Appeals.

The Cold Storage Co. in the Supreme Court contends:

1.  That the trial court erred in instructing the jury that there was no evidence, that Mulvihill had broken his agreement by which he sold the good will of the Mulvihill Ice Co.

2.  That as a matter of law where the good will of a concern is sold the party so selling cannot solicit the customers of the old firm.

Attorneys—Pogue, Hoffheimer & Pogue and G. E. Mills, Cincinnati, for Company; J. R. Clark, Cincinnati, for Mulvihill.